FILED

2016 Mar-16  PM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| TERRY KNIGHT and PAMELA KNIGHT ) | |
|     Plaintiffs,     ) | |
| v.     ) | |
|     ) | |
| DANDY R.V. SUPERSTORE, INC.,    ) CASE NO.: 2:16-cv-00229-JHE | |
| FOREST RIVER, INC.,     ) | |
| CAMPING WORLD, INC.,     ) | |
|     Defendants.     ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS DANDY R.V. SUPERSTORE, INC., FOREST RIVER, INC., AND CAMPING WORLD, INC.'S MOTIONS TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B).

COME NOW the Plaintiffs, TERRY and PAMELA KNIGHT (hereinafter "Knight") as named above, by and through their undersigned counsel, submit this, their Response in Opposition to Defendants Dandy R.V. Superstore, Inc. ("Dandy") and Camping World, Inc.'s ("Camping World") and Forest River, Inc.'s ("Forest River") Motions to Dismiss (hereinafter the "Motion"). As Defendants' separately filed Motions both reference and incorporate the other Motion to Dismiss, Plaintiffs have filed this single Response in opposition to both Motions.  Knight respectfully requests that Defendants' Motions be denied in full.  In support of their response, Knight states as follows:

# I.    INTRODUCTION

In their Motion to Dismiss, Defendants have put a high shine on their recitations of facts, make much ado about what are bona fide questions of fact, cite inapplicable case law, and have attached documents outside of the pleadings.

Defendants' Motions to Dismiss erroneously, and in derogation of the Rules of Civil Procedure, attempt to lead this Court to believe that an attachment to their Motions (Doc. 3-2 and Doc 4-2) is a warranty document that is uncontested and relevant to the subject RV.   This is not the case.  Plaintiffs have filed a separate motion to strike these documents.  These documents are contested and disputed by Plaintiffs and should be stricken.  Without this document attachment, much, if not all, of Defendants' argument for dismissal fails.

Despite this, Defendants state in its Motions that the Motion is filed pursuant to F.R.C.P. 12(b)(6).  See Forest River's Motion, pp. 1, 2, See Dandy RV and Camping World's Motion pp 1, 2, 3.

If this court determines that the documents attached and referenced to in Defendants' Motion are outside of the pleadings and, pursuant to Fed.R.Civ.P. 12(c) converts the Motion to a Fed.R.Civ.P. Rule 56 Motion for Summary Judgment, Plaintiff moves this Court, pursuant to FRCP Rule 56, to allow Plaintiffs time to obtain discovery, or in the alternative, dismiss Defendants' Motion.  Plaintiffs state

to the court that they need additional time and discovery to rebut Defendants' assertion of an absence of a genuine issue of fact.  Rule 56(d) provides that, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

As this case is in its infancy, no discovery has been conducted by either party. Plaintiffs expect that once they are able to obtain discovery they would be able to rebut any contention by Defendants that there was no genuine factual dispute and thereby cause this Court to deny a Motion for Summary Judgment.

## II.    STANDARD OF REVIEW

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).

Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. at 678 (quoting Twombly, 550 U.S. at 570).

*Scheider v. Leeper*, No. 3:15-CV-364-J-34JRK, 2016 WL 916557, at *2 (M.D. Fla. Mar. 10, 2016).

## III.    STATEMENT OF FACTS

The Knights purchased a "new" 2014 Forest River Sandpiper fifth wheel camper from Dandy RV, hereinafter referred to as the "RV", in March 2014.  As part of the RV purchase, Plaintiffs were sold a service contract on the RV for $2100.00. *See* Doc 1-3 "Bill of Sale" made part of Defendants' Motion to dismiss.  While at the dealership, Dandy performed various inspections of the RV as reflected on a Dandy "Owner Check List" and a "Customer Delivery and Warranty Registration

Form". On those forms, Dandy RV indicated that the RV and all equipment made part of the RV were "OK" and/or passed Dandy RV's inspection.  See Doc 1-1 Complaint, ¶ 14.  Plaintiff learned later that the RV was not "new", but a "used" "demo" model.  See Doc 1-1, Complaint, ¶ 37.

From the start, Plaintiffs experienced numerous defects in the RV including water leaks, plumbing issues, electrical problems and other problems with their new RV.  Plaintiff provided oral and written notice of the defects and the non-compliance with the warranties on the RV to Dandy, Camping World and Forest River.  See Doc 1-1, Complaint, ¶ 19.  The defects were either not corrected or the repairs were inadequate, and the RV was never warranted.   Plaintiff continues to experience water leaks, mechanical problems, continuing deterioration of the RV due to water damage, among other problems with the RV.   Plaintiffs incorporate their complaint in its entirety.

## IV.  PROCEDURAL HISTORY

This case was removed from the Circuit Court of Jefferson County Alabama on February 8, 2016.  Contemporaneously filed with this response to Defendants' Motion, Plaintiffs have filed their Motion to Compel Arbitration and a Motion to Strike.

## V. ARGUMENT

Defendants' Motions have taken Plaintiffs' Complaint and, in essence, rewritten the allegations to comport with Defendants' preferred version of events, and using a document attachment that Plaintiffs have disputed in a separate Motion to Strike, filed contemporaneous to this Response.   Such a re-write is not the basis for a Court's ruling on a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Rather, the Court must look to Plaintiffs' own allegations to determine whether the complaint contains only enough facts to state a claim to relief that is plausible on its face. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

<u>Plaintiffs have asserted their claims in the alternative</u>.   See Doc 1-1, Complaint, ¶12.  Fed.R.Civ.P. 8(d)(2) permits a party to make alternative statements and the pleading is sufficient if any one of them is sufficient.  "It is a well-settled rule of federal procedure that plaintiffs may assert alternative and contradictory theories of liability. *See Instituto De Prevision Militar v. Merrill Lynch,* 546 F.3d 1340, 1352 (11th Cir.2008)" <u>Adinolfe v. United Techs. Corp.</u>, 768 F.3d 1161, 1175 (11th Cir. 2014).

Dandy RV, Camping World, and Forest River have incorporated and adopted the arguments of the other in their Motions.  <u>Dandy and Camping World's Motion does not address, or take contention with, Plaintiffs' Fraud claim, set forth in Count Two of Plaintiffs' complaint, Doc 1-1,¶¶ 36-46, at all.</u>

For unknown reasons, Defendants did not choose to address Plaintiffs' claims in the order presented in their complaint.   For the sake of clarity, Plaintiffs' response herein will be made in the order of Defendants' Motion:

**A.  Plaintiffs alleged Defendants failed to honor warranties applicable to the RV.**

Defendants' argument that Plaintiffs' warranty claims should be dismissed is premised on a disputed, unauthenticated, "Warranty" document which Plaintiffs have requested this court to strike in a separate, contemporaneously filed Motion. Whether or not such document was made part of the Plaintiffs transaction is a question of fact, not the subject of Motion to Dismiss.    Moreover,

Plaintiffs have affirmatively alleged that:

30.  Throughout 2014 and up until the filing of this complaint, Plaintiff continued to experience water leaks, mechanical and plumbing problems with the RV, rendering the RV useless for its intended purpose. Plaintiff continued to contact Dandy RV, Camping World, and Forest River regarding the defects and provided said defendants with multiple and ample opportunities to repair the defects; however, the defects were not corrected or repaired.  Plaintiff was and is unable to use RV as advertised or represented.

31. Despite providing numerous notices, and opportunities to cure the defects, Dandy RV, Camping World, and Forest River, as a pattern and practice, never repaired or restored the RV to a condition which would allow Plaintiff to use their new RV without defects and as warranted. Plaintiff continued to experience water leaks, mechanical problems, continuing deterioration of the RV due to water damage, among other problems with the RV.

76. Defendants orally and in writing represented to Plaintiff that the 2014 Forest River Sandpiper RV they purchased was a new RV, free of defects, and that said RV was suitable for recreational use.
....

79. Defendants, by way of written information and other advertisement, made express representations to Plaintiff that the 2014 Forest River Sandpiper RV would be made free of any future defect or problems under the warranty.

80. Defendants and/or Defendants' agents breached the express warranties made to Plaintiff that the RV was suitable for recreational use and would be free of defects for the duration of the warranty.

See Doc 1-1, Complaint, ¶¶ 30, 31, 76, 79, 80.

"*Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegations are probably true. We made it clear, on the

contrary, that a court must take the allegations as true, no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. 662, 696, 129 S. Ct. 1937, 1959, 173 L. Ed. 2d 868 (2009).

Here, Plaintiffs' complaint alleges numerous times that the Defendants' had notice and opportunity to cure the defects in the Knights' RV and that the Defendants did not repair or correct the breach.  Defendants Motion to dismiss has failed to show otherwise, and must be dismissed.

## B. Plaintiffs provided Notice of Breach

This is a case regarding the purchase of a consumer product by a consumer from a merchant.  "The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched."  Ala. Code § 7-2-607.

In their complaint, the Knights have alleged they gave notice to the Defendants Dandy RV, Forest River and Camping World.  See Doc 1-1, Complaint, ¶ 18, 19, 30, and 31.  "[W]hether the Plaintiff gave proper notice in this case is a question of fact for the jury and not a proper matter for summary judgment. *See McCallum,* 826 F.Supp. at 422 (also holding that whether Plaintiffs gave proper notice is a question for the jury); *see also Gigandet v. Third Nat'l Bank,* 333 So.2d

557, 559 (Ala.1976) (holding that the sufficiency of notice under the UCC is a question of fact for the jury)." *See Rhode v. E.&T. Investments*, Inc., 29 F.Supp. 2d 1298 (M.D. Ala. 1998).

"…The notification which saves the buyer's rights under this Article <u>need only</u> be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation."  Ala. Code § 7-2-607, comment 4 (emphasis added).

Because the Knights have alleged they gave notice to the Defendants, *Smith v Apple, Inc*., 2009 WL 3958096 (N.D. Ala. 2009) cited by Defendants, does not apply.  In *Smith*, the Plaintiff did not give any notice prior to filing suit.  Here, the Plaintiffs affirmatively alleged that they gave notice to Dandy RV, Forest River and Camping World.  See Doc 1-1, Complaint, ¶ 18, 19, 30, and 31.

## C.  Plaintiffs provided opportunity to remedy the alleged defects

Defendants' argument that Plaintiffs' warranty claims should be dismissed is premised on a disputed, unauthenticated, "Warranty" document which Plaintiffs have requested this court to strike in a separate, contemporaneously filed Motion. Whether or not such document was made part of the Plaintiffs transaction is a question of fact.  Plaintiffs' have alleged in their complaint that:

18. Throughout 2014 and up until the filing of this complaint, Plaintiff continued to experience water leaks, mechanical and plumbing problems with the RV, rendering the RV useless for its intended purpose. Plaintiff continued to contact Dandy RV, Camping World, and Forest River regarding the defects and provided said defendants with multiple and ample opportunities to repair the defects; however, the defects were not corrected or repaired.  Plaintiff was and is unable to use RV as advertised or represented.

19. Despite providing numerous notices, and opportunities to cure the defects, Dandy RV, Camping World, and Forest River, as a pattern and practice, never repaired or restored the RV to a condition which would allow Plaintiff to use their new RV without defects and as warranted. Plaintiff continued to experience water leaks, mechanical problems, continuing deterioration of the RV due to water damage, among other problems with the RV.

...

30. Throughout 2014 and up until the filing of this complaint, Plaintiff continued to experience water leaks, mechanical and plumbing problems with the RV, rendering the RV useless for its intended purpose. Plaintiff continued to contact Dandy RV, Camping World, and Forest River regarding the defects and provided said defendants with multiple and ample opportunities to repair the defects; however, the defects were not corrected or

repaired.  Plaintiff was and is unable to use RV as advertised or represented.

31.   Despite providing numerous notices, and opportunities to cure the defects, Dandy RV, Camping World, and Forest River, as a pattern and practice, never repaired or restored the RV to a condition which would allow Plaintiff to use their new RV without defects and as warranted. Plaintiff continued to experience water leaks, mechanical problems, continuing deterioration of the RV due to water damage, among other problems with the RV.

See Doc 1-1, Complaint, ¶¶ 18, 19, 30, 31.

Plaintiffs have alleged that they provided Defendants with multiple opportunities to cure the defects in the R.V.   A Motion to Dismiss is not intended to test the sufficiency of facts, but only whether Plaintiffs' complaint has stated a claim for relief that is plausible on its face.  As such, Defendants' Motion is due to be denied.

**D. Plaintiffs' claims are not barred by a "permanent residence exclusion."**

Defendants have referred to a disputed, unauthenticated exhibit (Doc. 3-2 and Doc. 4-2) which is not part of the pleadings in this matter in an effort to dismiss Plaintiffs' warranty claims.  A document that is not attached as an exhibit to the complaint generally "may not be properly considered on a Rule 12(b)(6) motion to

dismiss." *Breckenridge Crest Apartments, Ltd. v. Citicorp Mortgage, Inc.,* 826 F.Supp. 460, 465 (N.D.Ga.1993) (citing *Case v. State Farm Mut. Auto. Ins. Co.,* 294 F.2d 676 (5th Cir.1961)).   "However, a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F.3d 1337, 1340 n. 3 (11th Cir.2005).   See *Stannard v. Allegis Grp., Inc.*, No. CIVA1:08CV3357TCB, 2009 WL 1309751, at *2 (N.D. Ga. Apr. 27, 2009). Plaintiffs have requested this court strike these documents under separate motion.

Here, whether or not the warranty document produced by the Defendants is applicable to the Plaintiffs' RV has yet to be determined and is presently <u>disputed</u> by the Plaintiffs.  <u>Even if</u> this were a warranty provided to Plaintiffs in conjunction with the purchase of the RV, whether or not Plaintiffs' use of the vehicle gives rise to the exclusion is a question of fact and not subject to a motion to dismiss.

**E. Dandy and Camping World cannot disclaim its express or implied warranties.  The implied warranty claims against Forest River are withdrawn.**

## <u>Implied Warranties</u>

Plaintiffs concur with Defendant Forest River that liability for implied warranties on the RV do not extend to Forest River.

However, <u>implied warranties may not be disclaimed by Dandy RV or Camping World.</u>   See 15 U.S.C. § 2308 (a).   "Express warranties cannot be disclaimed" by any Defendant.  *Shutter Shop, Inc. v. Amersham Corp.*, 114 F. Supp. 2d 1218, 1230-31 (M.D. Ala. 2000).

The Magnuson Moss Warranty Act, 15 U.S.C. § 2308 states:

(a) Restrictions on disclaimers or modifications

No supplier may disclaim or modify (except as provided in subsection (b)) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer Product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.

(b) Limitation on duration

For purposes of this chapter (other than section 2304(a)(2) of this title), implied warranties may be limited in duration to the duration of a written warranty of reasonable duration, if such limitation is conscionable and is set forth in clear and unmistakable language and prominently displayed on the face of the warranty.

(c) Effectiveness of disclaimers, modifications, or limitations

A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law.

Plaintiffs' Count One of their Complaint "Violations of the Magnuson Moss Warranty Act" alleges that the RV is a "consumer good", see Complaint ¶ 25; that Defendants Dandy RV and Camping World are "suppliers" under the Magnuson Moss Warranty Act, see Doc 1-1, Complaint ¶ 27; that Plaintiffs are "consumers" under the Act, see Doc 1-1, Complaint ¶ 28.   Plaintiffs alleged that Defendants provided a written warranty, see Doc 1-1, Complaint ¶64, 72.   Pursuant to the Magnuson Moss Warranty Act, because Defendants provided Plaintiff with a written warranty, Defendants cannot disclaim the implied warranties on the RV.   Such disclaimer is, in itself, a violation of the Magnuson Moss Warranty Act.   *See* 15 U.S.C. 2310(b).

## Express Warranties

Express Warranties can be created in many ways and may not be disclaimed. Ala.Code 7-2-313 states:

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

The comments to Ala.Code 7-2-313 state: "A clause generally disclaiming "all warranties, express or implied" cannot reduce the seller's obligation with respect to such description and therefore cannot be given literal effect under Section 7-2-316." Ala. Code § 7-2-313, fn. 4.

As Ala.Code 7-2-313 indicates, the seller does not need to intend to make a warranty, so long as its description of the goods are part of the basis of the bargain between the buyer and seller.  Plaintiffs have alleged that Defendants made oral and written representations regarding the RV that formed the basis of the Plaintiffs bargain.  See Doc 1-1, Complaint, ¶¶ 78, 79, 81, 83.  Plaintiffs' further alleged Plaintiffs beached said warranties.  See Doc 1-1, Complaint, ¶¶ 18, 19, 21, 22, 31, 82.

**F. Plaintiffs' Breach of contract claims against Forest River are cognizable under respondeat superior and/or agency-principal relationships and are not duplicative of the Plaintiffs' warranty claims.**

Plaintiffs' breach of contract claims are not based on Defendants' warranty repairs, but on Defendants' sale of a "new" RV to Plaintiffs, when, as alleged by Plaintiffs' in their complaint, the RV was a used, "demo" model.   See Doc 1-1, Complaint, ¶ 13, 21, 37, 54.  The claim that Plaintiffs' did not receive the RV that they bargained for is distinct from their claims for breach of warranty due to an inability by Defendants to remedy defects in the RV.  *See Rhode v. E.&T. Investments*, Inc., 29 F.Supp. 2d 1298 (M.D. Ala. 1998)("Such an allegation, if asserted, would clearly suffice to establish a breach of contract claim.")  Whether or

not the RV was "new" or "used" is a question of fact.  As such, Plaintiffs' claim for breach of contract should not be dismissed.

Forest River argues that it should have no liability to the Knights because, it says, there was no contract or privity between them.   Whether or not such a relationship exists is a question of fact.  "The district court's determination regarding the scope of vicarious liability and the principal-agent relationship is a question of fact. *Wood v. Holiday Inns, Inc.,* 508 F.2d 167, 173 (5th Cir.1975) ("The existence and scope of principal-agent relationship is generally for the jury to determine.")" *Commodity Futures Trading Commission v. Gilbraltar Monetary Corp., Inc.*, 575 F.3d 1180 (11th Cir. 2009).

"Agency is generally a question of fact to be determined by the trier of fact." *Thrash v. Credit Acceptance Corp*., 821 So. 2d 968, 971-72 (Ala. 2001)(citing *Malmberg v. American Honda Motor Co., Inc.,* 644 So.2d 888, 890 (Ala.1994))

Plaintiffs have alleged a principal-agent relationship between the manufacturer of the subject R.V., Forest River, and the dealership, Dandy RV and Camping World.  See Doc 1-1, Complaint, ¶ 9, 11, 13.  In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If such a relationship does exist, then Forest River could be liable to the Knights based upon their contract with Dandy RV and Camping World.  "A

manufacturer, such as Liberty, may be held liable in contract if the dealer with which the plaintiff contracted was an agent for the manufacturer. *Massey–Ferguson, Inc. v. Laird,* 432 So.2d 1259 (Ala.1983). " *Liberty Homes, Inc. v. Epperson*, 581 So. 2d 449, 453 (Ala. 1991), <u>as modified on denial of reh'g</u> (May 24, 1991).

### G. Plaintiffs have alleged cognizable claims under Magnuson Moss

Under the Magnuson–Moss Warranty Act, a "...consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief ...." 15 U.S.C. § 2310(d).

Here, Plaintiffs have alleged that Defendants are warrantors and/or suppliers under the terms of the Magnuson Moss Warranty Act, and that Plaintiffs were damaged by the failure of the Defendants to comply with the Magnuson Moss Warranty Act. See Doc 1-1, Complaint, ¶ 18, 19, 27, 33, 65, 66, 67, 68, 71, 72, 74, 75, 79, 81, 84.

As set forth, *supra*, Plaintiffs have alleged that they received written warranties in conjunction with their purchase of the RV from "<u>Defendants</u>".  See Doc 1-1, Complaint, ¶ 33, 65, 72, 78, 79.  Under the Magnuson Moss Warranty

Act, where there is a written warranty or service contract, implied warranties cannot be disclaimed. 15 U.S.C. § 2308.

Plaintiff has alleged claims which entitle them to relief under the Magnuson Moss Warranty Act as to all Defendants.

**H. Dandy and Camping World have not contested Plaintiffs' claims of fraud against Dandy and Camping World.  Plaintiffs' fraud claims against Forest River are cognizable under respondeat superior and/or agency-principal relationship theories.**

Knight's claim of Fraud, Deceit and Misrepresentation set forth specific times (March 1-3, 2014, and on each occasion the RV was returned to Plaintiffs as "repaired"), specific places (the Defendants' dealership), and specific identification of the alleged fraud (the RV was "new", the RTV had been inspected, the repairs had been made).  See Doc 1-1, Complaint, ¶¶ 13, 14, 37.  Moreover, given the fact that Defendants are in control of the evidence regarding prior use of the RV, the sales transaction and service on the Knights RV, the heighted pleading of requirements of Rule 9(b) can be relaxed "when the necessary evidence of the essential elements of the claim is within the exclusive control of the defendant, [therefore] some courts have allowed plaintiffs to plead 'on information and belief.'" *U.S. ex rel. Ellis v. Sheikh*, 583 F. Supp. 2d 434, 438-39 (W.D.N.Y. 2008).

> The purpose of Rule 9(b) is to "ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of" and to "eliminate those complaints filed as a pretext for discovery of unknown wrongs...." *Anderson v. Transglobe Energy Corp.,* 35 F.Supp.2d 1363, 1369 (M.D.Fla.1999). The Eleventh Circuit has cautioned, however, that "Rule 9(b) must not be read to abrogate Rule 8 ... and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directive of Rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985).

> *In re Pegasus Wireless Corp. Sec. Litig.*, 657 F. Supp. 2d 1320, 1324 (S.D. Fla. 2009)

<u>Defendants Dandy and Camping World have not contested Plaintiffs' fraud claim at all.</u>   Forest River has failed to show that Knight's claims were insufficiently pled under Rule 9(b).  Additionally, Plaintiffs have alleged a respondeat superior and/or agency relationship between the Defendants.   Forest River argues that it should have no liability to the Knights because, it says, Forest River did not commit the fraud alleged by Plaintiffs.  Forest River's own Motion states that "Dandy and Camping World were authorized Forest River R.V. dealers".  See Forest River's Motion, Doc. 4-1, p 13.  Whether or not such a relationship exists is a question of fact.  "The district court's determination regarding the scope of vicarious liability and the principal-agent relationship is a question of fact. *Wood v. Holiday Inns, Inc.,* 508 F.2d 167, 173 (5th Cir.1975) ("The existence and scope of principal-agent

relationship is generally for the jury to determine.")" *Commodity Futures Trading Commission v. Gilbraltar Monetary Corp.*, Inc., 575 F.3d 1180 (11ᵗʰ Cir. 2009).

"The factual question to be determined is whether or not the act complained of was done, either by agent or servant, while acting within the line and scope of his employment. The corporation or principal may be liable in tort for the acts of its servants or agents, done within the scope of employment, real or apparent, even though it did not authorize or ratify such acts or even expressly forbade them." *Nat'l States Ins. Co. v. Jones*, 393 So. 2d 1361, 1367 (Ala. 1980)(internal citations ommitted).

Here, Plaintiffs have alleged a respondeat superior and/or principal-agent relationship.  If this is true, then Plaintiffs' allegations of fraud state a claim to relief that is plausible on its face against Forest River.  Dandy and Camping World have not contested Plainitffs' fraud claims.   Knight's claim of fraud should not be dismissed.


**I. Plaintiffs' negligence claims are not based on breach of contract or warranties, but on negligence occurring before and during the sale of the RV. Plaintiffs' Breach of contract claims against Forest River are cognizable under respondeat superior and/or agency-principal relationships.**

Like Plaintiffs' claim of breach of contract, Plaintiffs claims of negligence are not based on Defendants' warranty repairs, but on Defendants' sale of a "new" RV to Plaintiffs, when, as alleged by Plaintiffs' in their complaint, the RV was a "used", "demo" model.   See Doc 1-1, Complaint, ¶ 13, 21, 37, 54. Among other things, Plaintiffs have alleged that Defendants represented the "RV to be fully tested and inspected, [and] that it was correctly assembled."  See Doc 1-1, Complaint ¶ 14, 21. Furthermore, "the existence of a warranty agreement does not preclude a negligent repair claim or negligent failure to train claim in the absence of language limiting a purchaser's remedies." *Everett v. Brad Ragan, Inc.*, No. CIV.A.99-663CBC, 2000 WL 360240, at *2 (S.D. Ala. Mar. 28, 2000).

Whether or not the RV was "new" or "used," or whether Defendants were negligent in their inspections or representations to Plaintiffs is a question of fact. "[T]he presence or absence of negligence is generally a question for a jury to determine; thus, a summary judgment is rarely appropriate in a negligence case. *Beddingfield v. Central Bank of Alabama, N.A.,* 440 So.2d 1051, 1053 (Ala.1983). Findings on issues of negligence and contributory negligence turn on the unique facts of each case. *Curry v. Welborn Transp.*, 678 So. 2d 158, 161 (Ala. Civ. App. 1996).   As such, Plaintiffs' claim of negligence should not be dismissed.

Forest River contends that it is not liable for negligence because there is no privity between Forest River and the Knights.  Plaintiffs have alleged a respondeat

superior and/or principal-agent relationship.  The existence of such a relationship is a question of fact. "A summary judgment on the issue of agency is generally inappropriate because the existence of an agency relationship is generally a question of fact to be determined by the trier of fact." *Curry v. Welborn Transp.*, 678 So. 2d 158, 160 (Ala. Civ. App. 1996).  If the fact of such a relationship is taken by this Court as true, then Plaintiffs' allegations of fraud state a claim to relief that is plausible on its face against Forest River, and the Motion must be denied.

Defendants also attempt to dismiss the negligence claims because of the "economic loss" rule.  However, "[t]he speculative nature of damages is not germane to a 12(b)(6) motion. In fact, a motion to dismiss "is not the proper method to test [the]...sufficiency [of a complaint] with respect to measure or elements of damages." *Dalrymple v. Alabama Farm Bureau Mutual Ins. Co.,* 103 So.2d 711, 712 (Ala.1958); *see also Hinkle v. Railway Express Agency,* 6 So.2d 417, 420 (Ala.1942)." *Everett v. Brad Ragan, Inc.*, No. CIV.A.99-663CBC, 2000 WL 360240, at *3 (S.D. Ala. Mar. 28, 2000).

## IV. CONCLUSION

Terry and Pamela Knights' Complaint has stated more than enough facts to state a claim to relief that is plausible on its face.  Taking the allegations set forth by Plaintiff as true, this Court can draw the reasonable inference that the defendant

is liable for the misconduct alleged.  As such, Defendants' Motions to Dismiss are

due to be denied in full.


Respectfully Submitted,

**_/s/ Thomas C. Donald_**
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Fax: 205 802 7083
Email: cdonald@donaldlawfirm.com

**_/s/ Michael E. Parrish_**
Michael E. Parrish
ASB-5747-S69M, PAR075
PARRISH & THEUS, LLC
P.O. Box 590067
Birmingham, AL 35259-0067
Phone: 205 326 0026
Email: mike.parrish@parrish-theus.com

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on March 16, 2016, a copy of the foregoing has been filed via the CM/ECF electronic filing system which will provide notice to parties and attorneys of record.


                                    */s/ Thomas C. Donald*
                                    Thomas C. Donald