# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Terry Knight and Pamela Knight,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | **2:16-cv-00229-JHE** |
| **Dandy R.V. Superstore, Inc., Forest River,** ) | **OPPOSED** |
| **Inc., Camping World, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |

## CONSOLIDATED REPLY IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS

Defendants Forest River, Inc. ("Forest River"), Camping World, Inc. ("Camping World"), and Dandy R.V. Superstore, Inc. ("Dandy"), (collectively "Defendants") submit this reply brief in support of their motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated below, Defendants respectfully request that this Court dismiss all of Plaintiffs' breach of warranty, breach of contract, and negligence claims, and Plaintiffs' fraud claim against Forest River.

## INTRODUCTION

Plaintiffs have attempted to salvage their scattershot lawsuit by ignoring dispositive authority, misconstruing the law, asserting internally inconsistent

---

[1] Because Plaintiffs filed a consolidated response in opposition to Defendants' motions to dismiss, for convenience and clarity, Defendants have filed a consolidated response brief.

arguments and non-sequiturs, and mischaracterizing their own pleadings. However, when the gloss is removed, all that is left is a complaint chock-full of conclusory legal statements, and bare-bone factual allegations.[2]  In actuality, Plaintiffs have pled facts that show that Defendants met their respective obligations under the warranty by actively attempting to remedy the purported issues with Plaintiffs' Recreational Vehicle ("R.V."). Indeed, on their own, Plaintiffs' allegations indicate that Plaintiffs are actually suing Defendants for performing their obligations under the warranty. Specifically, Plaintiffs' fact allegations consist of four parts:

1. Plaintiffs purchased a Forest River R.V. from Dandy, which they used as a home, that was covered by a warranty. (Doc. 1-1 at ¶¶ 13–14, 71);

2. At some point, the R.V. began to experience problems, and Plaintiffs triggered Dandy's warranty obligation to repair by contacting Dandy to request warranty repairs. (*Id.* at ¶¶ 15–17);

3. Pursuant to the warranty, Dandy "required Plaintiffs to move out of their RV so that [Dandy] could tow the RV to Dandy RV in Anniston to repair the RV." (*Id.*at ¶ 16); and

4. "Throughout 2014 and up until the filing of [Plaintiffs'] complaint," Plaintiffs purportedly experienced other issues with the R.V. and, pursuant to the warranty, contacted Dandy, who "forced" Plaintiffs to "return the RV for warranty repair." (*Id.* at ¶¶ 18–21).

---

[2] For reasons that are unclear to Defendants, Plaintiffs state, on multiple occasions, that Defendants did not challenge Plaintiffs' fraud allegations. *See* (Doc. 9 at 7, 20–22). To be clear, although Defendants choose not to challenge Plaintiffs' fraud claims on 12(b)(6) grounds, Defendants' strenuously deny Plaintiffs' fraud allegations, and demand strict proof thereof. Moreover, Defendants' decision not to challenge Plaintiffs' fraud claims at this stage of the proceedings has absolutely no bearing on Forest River's entitlement to a dismissal of the fraud claims against it for Plaintiffs' failure to sufficiently plead an agency relationship between Forest River and Dandy, or, for that matter, any other argument Defendants have asserted for dismissal of the other claims in this lawsuit.

In other words, when Plaintiffs' conclusory legal recitations are stripped away, all that remains are allegations indicating that Defendants were complying with their obligations under the warranty by making warranty repairs, and Plaintiffs simply grew impatient with the normal inconveniences that accompany vehicle ownership. Unfortunately for Plaintiffs, inconvenience is not grounds for a breach of warranty claim, and Alabama law does not require that a product be entirely free from defects. *See, e.g., Rhodes v. General Motors Corp.*, 621 So. 2d 945 (Ala. 1993).

Furthermore, Plaintiffs' allegations actually indicate that Plaintiffs neglected to live up to their end of the bargain, as well as Alabama warranty law, by failing to give Defendants the requisite notice of a purported *breach*. *See* Ala. Code § 7-2-607(3)(a). Indeed, Plaintiffs' alleged facts establish *only that* Plaintiffs gave Defendants notice sufficient to trigger Defendants' warranty obligation to repair defects. Plaintiffs *do not allege facts* indicating that they gave Defendants notice that Defendants purportedly *breached the warranty*, as required by Alabama law and the plain language of the Express Limited Warranty. *See, e.g., Parker v. Bell Ford, Inc.*, 425 So. 2d 1101, 1102 (Ala. 1983); *see also* (Doc. 4-2). By attempting to short-circuit the warranty process, Plaintiffs are asking the Court to re-write well-settled law regarding breach of warranty by giving Plaintiffs the option of filing suit in lieu of providing the requisite notice. This change in the law would be

completely contrary to the twofold purpose of the statutory notice requirement: to "open[] the way for settlement through negotiation between the parties . . . [and to] minimize[] the possibility of prejudice to the seller" by providing an opportunity to cure or minimize damages. *Jewell v. Seaboard Indus. Inc.*, 667 So. 2d 635, 660 (Ala. 1995).

Plaintiffs have also asserted claims for breach of contract and negligence which are due to be dismissed. These ancillary claims are either duplicative of other claims, or barred as a matter of law. Specifically, Plaintiffs' breach of contract and negligence claims duplicate their breach of warranty claims, and are, therefore, due to be dismissed. Moreover, because Plaintiffs implicitly admit in their responsive brief, there is no privity between Plaintiffs and Forest River, (Doc. 9 at 13), the breach of contract claims against Forest River are due to be dismissed. Second, Plaintiffs' negligence claims are clearly barred by the economic loss doctrine. Finally, Plaintiffs assertion that it has sufficiently pled facts that plausibly suggest agency, so that Forest River might be liable under a vicarious liability theory, is patently false. A simple reading of Plaintiffs' complaint shows that Plaintiffs' agency allegations are *entirely* conclusory and do not meet the level of specificity required to state a claim for relief under Rule 12(b)(6).

# ARGUMENT

## I. PLAINTIFFS' FACT ALLEGATIONS FAIL TO STATE A CLAIM FOR BREACH OF WARRANTY.

### A. Plaintiffs did not Provide the Notice of Breach Required by Alabama Law.

As noted above, the fact allegations indicate that Plaintiffs gave Defendants notice of the alleged defects sufficient only to trigger Defendants' obligations under any express and/or implied warranties. *See supra* at 2–3. However, under Alabama law, as well as the terms of the Express Limited Warranty, before filing a lawsuit, Plaintiffs are required to provide Defendants notice of the alleged *breach*.[3] *See, e.g.,* Ala. Code § 7-2-607(3)(a); *Parker*, 425 So. 2d at 1102; (Doc. 4-2). Plaintiffs' attempt to cure this fatal defect by citing their allegation that "Defendants' [sic] had notice and opportunity to cure the defects in the Knights' RV and that the Defendants did not repair or correct the breach." (Doc. 9 at 9). Problematically, this contention hinges on Plaintiffs' conflation of the concepts of notice-of-defect, which triggers a warrantor's obligation under a warranty, and notice-of-breach, which is a condition precedent to *filing a lawsuit*. These concepts

---

[3] Plaintiffs cite an official comment to Section 7-1-607 of the Alabama Code which states that "[t]he content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched." (Doc. 9 at 9–10 (citing Ala. Code § 7-2-607 committee cmt.)). However, Plaintiffs neglected to include the final sentence of the official comment, which states that "[t]he notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is *claimed to involve a breach*, and thus opens the way for normal settlement through negotiation." *Id.* (emphasis added). In other words, contrary to Plaintiffs' assertion, the statutory notice requirement does, in fact, require a plaintiff to provide express notice that the warranty has been breached.

are separate, and knowledge sufficient to trigger an obligation to perform under a warranty is not sufficient to meet the notice-of-breach requirement under Ala. Code § 7-2-607(3)(a).

This point is made abundantly clear in *Fowler v. Goodman Mfg. Co., L.P.*, a case that Plaintiffs conveniently ignored. No. 2:14-CV-968-RDP, 2014 WL 7048581 (N.D. Ala. Dec. 12, 2014). In *Fowler*, the plaintiff alleged that defendant warrantor attempted, on several occasions, to correct multiple leaks in an HVAC unit. *Id.* at *2. Despite defendant's multiple, unsuccessful attempts to repair the unit, and correspondence from the plaintiff wherein he voiced his displeasure with the multiple repair attempts, and the corresponding bills, the Court held, on a motion to dismiss, that the plaintiff's correspondence, which provided *notice of the defects*, did not constitute the requisite notice of *breach. Id.* at *6. Moreover, the court recognized that "[t]he fact that Plaintiff had to have his HVAC unit repaired" on multiple occasions did not indicate a breach of warranty. *Id.* Accordingly, the Court granted the defendant's motion to dismiss for failure to sufficiently state a breach of warranty claim. *Id.*

Plaintiffs' factual allegations correspond almost directly with the allegations in *Fowler*. Here, Plaintiffs allege that they informed Defendants of the purported defects by repeating the conclusory statement that Defendants' were given "numerous notices, and opportunities to cure . . ." *See* (Doc. 1-1 at ¶ 31). However,

Plaintiffs never allege that they provided Defendants with notice or warning that they were purportedly *in breach of the warranty* sufficient to "open the way for settlement through negotiation with the parties . . . [and to] minimize the possibility for prejudice to the seller." *Jewell*, 667 So. 2d at 660. Instead, Plaintiffs apparently grew impatient with the notice requirements under Alabama law and the terms of the Express Limited Warranty, and had no interest complying with the required processes. As was made clear in *Fowler*, sending a warrantor notice that a product is defective, and providing an opportunity to remedy the defect pursuant to the terms of the warranty, does not constitute notice of breach. *Fowler*, 2014 WL 7048581, at *6. Accordingly, Plaintiffs' breach of warranty claims are due to be dismissed in their entirety.

B.   **The Magnuson Moss Claim is Due to be Dismissed.**

Although it is unclear, Plaintiffs seem to contend that the Magnuson-Moss Warranty Act ("Magnuson-Moss") is an independent cause of action. *See* (Doc. 9 at 19–20). However, it is well established that Magnuson-Moss "does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1346 (N.D. Ga. 2013) (citing *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986)). As noted above, Plaintiffs have failed to state a claim for breach of any warranty because they did not plead factual allegations regarding notice of

breach. *See supra* at 5–7. Accordingly, the Magnuson-Moss claim necessarily fails as a matter of law.

In addition, the same principle holds true for Plaintiffs' implied warranty claims against Forest River. Although Plaintiffs concede that their state-law implied warranty claims against Forest River are due to be dismissed due to lack of privity, Plaintiffs appear to contend that their implied warranty claims against Forest River survive under Magnuson-Moss. *See* (Doc. 9 at 15, 19–21). However, under Magnuson-Moss, state law also governs the creation of implied warranties. *Gill v. Blue Bird Body Co.*, 147 Fed. App'x 807, 809 (11th Cir. 2005) (trial court erred by denying dispositive motion on Magnuson-Moss implied warranty claims where plaintiff and defendant were not in privity). Indeed, "courts have uniformly held that Magnuson-Moss does nothing to alter or modify state law privity requirements. The question of whether privity is required thus hinges entirely on applicable state law." *Id.* Plaintiffs conceded that there is no privity between them and Forest River, and have voluntarily abandoned their state law implied warranty claim. Ostensibly, Plaintiffs abandoned this claim because it is indisputable that, in Alabama, "[t]here is no right of action on an implied warranty theory against a manufacturer for property damage [or direct economic loss] without privity of contract." *Rhodes v. General Motors Corp.*, 621 So. 2d 945, 947 (Ala. 1993).

Consequently, Plaintiffs cannot maintain an implied warranty claim against Forest River under Magnuson-Moss.

## II. PLAINTIFFS HAVE NOT ALLEGED FACTS INDICATING AN AGENCY RELATIONSHIP BETWEEN FOREST RIVER AND DANDY.

It is clear from the pleadings that Forest River had no actual contact with Plaintiffs, and Plaintiffs *admit* that they had no contractual privity with Forest River.[4] Forest River did not sell Plaintiffs the R.V., and did not employ individuals who sold Plaintiffs the R.V. *See* (Doc. 1-1 at ¶ 13). Accordingly, Plaintiffs' ancillary claims for breach of contract, fraud, and negligence cannot be maintained against Forest River. Recognizing this conundrum, Plaintiffs engage in a flawed attempt to assert a vicarious liability theory against Forest River in order to salvage their claims.[5] Plaintiffs' weak pass at vicarious liability fails, however, because they have not pled *any* concrete, non-conclusory facts indicating that Forest River and Dandy maintained a principal – agent relationship. Plaintiffs initially attempt to rescue their claims against Forest River by contending that "[w]hether or not

---

[4] Curiously, although Plaintiffs concede that there is no contractual privity between Forest River and Plaintiffs, *see* (Doc. 9 at 13), Plaintiffs later suggest that there *is* contractual privity when attempting to salvage their breach of contract claims, *see id.* at 18. It is clear, though, from the face of the pleadings, that the contract for the sale of the RV was between Dandy and Plaintiffs. (Doc. 1-1 at 13). In other words, based on Plaintiffs' own allegations, there cannot be contractual privity between Forest River and Plaintiffs.

[5] In the absence of contractual privity, Plaintiffs creatively attempt to shoehorn Forest River into the contract by alleging vicarious liability. (Doc. 9 at 18). However, the concept of vicarious liability does not apply to breach of contract actions. *See Indus. Dev. Bd. of City of Montgomery v. Russell*, 124 So. 3d 127, 138 (Ala. 2013).

such a relationship exists is a question of fact." (Doc. 9 at 18). This assertion is irrelevant, though, because Plaintiffs are still required to plead more than mere "labels and conclusions[,]" and Plaintiffs' "complaint must contain sufficient *factual matter*, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (emphasis added); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs' vicarious liability contention consists *solely* of labels and conclusions, and conspicuously lacks *any* real factual assertions. It is axiomatic that conclusory legal allegations and "naked assertion[s]" will not support a claim, and on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 555; *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Koens v. Royal Caribbean Cruises, Ltd.*, 774 F. Supp. 2d 1215, 1222 (S.D. Fla. 2011) ("In the absence of factual allegations, as opposed to legal conclusions, that would demonstrate actual agency, however, [plaintiff's claim for vicarious liability] cannot be permitted."); *Hogan v. Provident Life and Acc. Ins. Co.*, 665 F. Supp. 2d 1273, 1284 (M.D. Fla. 2009) (plaintiff failed to plead agency with requisite specificity when he merely recited the elements of actual and apparent agency). On its face, though, Plaintiffs' single paragraph that relates to Forest River's alleged vicarious liability is nothing but a bare legal conclusion. Specifically, Plaintiffs state that: "Forest River is liable

for all claims which Plaintiffs may have against its authorized dealerships . . . by way of the principle-agent relationship maintained by Forest River and its authorized dealerships, [Dandy] and Camping World." (Doc. 1-1 at ¶ 9). In other words, Plaintiffs ostensibly allege that Dandy is Forest River's agent because it was authorized to sell Forest River R.V.s. However, the fact that Dandy is allegedly an authorized Forest River dealer is not dispositive because the fact that a discrete dealer is authorized to sell a manufacturer's goods is not, by itself, sufficient to establish an agency relationship. *See John Deere Const. Equip. Co. v. England*, 883 So. 2d 173 (Ala. 2003); *Malmberg v. Am. Honda Motor Co.*, 644 So. 2d 888 (Ala. 1994). Instead, a plaintiff must allege *specific facts* indicating that a principle-agent relationship exists. *See, e.g., Koens,* 774 F. Supp. 2d at 1222; *Hogan*, 665 F. Supp. 2d at 1284. Accordingly, in the absence of any actual fact allegations regarding the purported agency relationship between Dandy and Forest River, Plaintiffs' breach of contract, fraud, and negligence claims against Forest River are due to be dismissed in their entirety.

**III. PLAINTIFFS NEGLIGENCE AND BREACH OF CONTRACT CLAIMS ARE DUE TO BE DISMISSED.**

    **A. Plaintiffs' Negligence Claims are Due to be Dismissed because they are Duplicative and Barred by the Economic Loss Doctrine.**

Plaintiffs maintain that they have properly alleged negligence against Defendants because their negligence claims are based on "Defendants' sale of a

'new' RV to Plaintiffs, when, as alleged by Plaintiffs' [sic] in their complaint, the RV was a 'used', [sic] 'demo' model." (Doc. 9 at 23). In other words, Plaintiffs are attempting to base their negligence claims on the exact same factual allegations used to support their alleged breach of contract claims. *Compare* (Doc. 9 at 23) *with* (Doc. 9 at 17). Plaintiffs have simply disguised their deficient breach of warranty and breach of contract claims as torts. However, a breach of contract claim cannot double as a negligence claim because the alleged failure to perform a contractual obligation is not negligence. *See, e.g., Nat'l Council on Compensation Ins.,* 650 F. Supp. 2d 1145, 1153 (M.D. Ala. 2009).

In an attempt to salvage their negligence claim, Plaintiffs state that "'the existence of a warranty agreement does not preclude a negligent repair claim or a negligent failure to train claim in the absence of language limiting a purchaser's remedies.'" (Doc. 9 at 23 (quoting *Everett v. Brad Ragan, Inc.*, No. CIV. A. 99-663CBC, 2000 WL 360240, at *2 (S.D. Ala. Mar 28, 2000)). However, this proposition is inapplicable to the instant case. In *Everett*, the above case that Plaintiffs quote in support of their negligence claims, a pro-se plaintiff asserted, *inter alia*, negligent repair based on service performed at an automotive shop. *Everett*, 2000 WL 360240 at *1. The *Everett* plaintiff asserted claims that were based *solely* on the actual repair work done by the Defendant. *Id.* Here, though, Plaintiffs' negligence claims are admittedly different in scope and form from the

claims in *Everett*. To the extent that Plaintiffs have asserted a negligent failure to train claim against Defendants (it is not entirely clear), their claim relates to the "sale of a 'new' RV to Plaintiffs, when, as alleged by Plaintiffs' [sic] in their complaint, the RV was a 'used", [sic] 'demo' model." (Doc. 9 at 23). In other words, unlike the plaintiff in *Everett*, Plaintiffs are not claiming that the repair work itself was negligently performed. Similarly, Plaintiffs have not asserted claims for negligent repair. *See generally* (Doc. 1-1 at ¶¶ 86–92). Plaintiffs' negligence claims are exclusively based on the alleged transaction where Dandy sold Plaintiffs the R.V. Accordingly, Plaintiffs' negligence claim is a superficial re-assertion of their contract claims thinly veiled as "negligence."

Finally, it is indisputable that Plaintiffs' negligence claims are barred by the economic loss doctrine. Under this rule, a party cannot recover in tort when the product damages itself, causing only economic loss. *East River S.S. Corp. v. Transamerican Delaval, Inc.*, 476 U.S. 858, 871–75 (1986). This doctrine preserves the "proper role for the law of warranty and precludes imposing tort liability if a defective product causes purely monetary harm." *Lloyd Wood Coal Co. v. Clark Equip. Co.*, 543 So. 2d 671, 673 (Ala. 1989). Plaintiffs' complaint is based solely on alleged damage to the R.V. itself rather than personal injury, or damage to another product. *See generally* (Doc. 1-1). Accordingly, the economic loss doctrine precludes Plaintiffs' negligence claims.

Plaintiffs, for their part, maintain that the economic loss doctrine is inapplicable because "[t]he speculative nature of damages is not germane to a 12(b)(6) motion." (Doc. 9 at 24 (citing *Dalrymple v. Alabama Farm Bureau Mutual Ins. Co.*, 103 So. 2d 711, 712 (Ala. 1958)). This assertion misses the mark – Defendants are not challenging Plaintiffs' negligence claim based on "the speculative nature of [Plaintiffs' alleged] damages." Rather, Defendants are asserting a legal doctrine that directly precludes negligence claims based on purely economic damages. Indeed, *Dalrymple*, the case Plaintiffs cite in support of their contention regarding speculative damages, does not mention the economic loss doctrine at all.[6] *See generally Dalrymple*, 103 So. 2d 711. Plaintiffs' argument regarding damages is a non-sequitur, and does not at all rescue their negligence claims. Consequently, because Plaintiffs' negligence claims are barred by the economic loss doctrine, those claims are due to be dismissed in their entirety.

Finally, Plaintiffs have not included in their complaint any factual allegations establishing that Forest River sold Plaintiffs the R.V., employed any Dandy and/or Camping World employees, or employed Dandy and/or Camping World as its agent. *See generally* (Doc. 1-1). Moreover, by conceding that they have no cognizable implied warranty claim against Forest River, Plaintiffs have

---

[6] Plaintiff also cites *Hinkle v. Railway Express Agency*, 6 So. 2d 417, 420 (Ala. 1942) and *Everett*. These cases are also inapplicable. *Hinkle* does not mention the economic loss doctrine, and *Everett's* discussion of speculative damages is not at all related to its discussion of the economic loss doctrine. *See Everett*, 2000 WL 360240, at *2; *Hinkle*, 6 So. 2d at 420.

essentially admitted that they had no privity with Forest River. Under Alabama Law, negligence, recklessness, and/or wantonness claims are not cognizable against an upstream manufacturer who did not build the product specifically for the plaintiff. *Copenhagen Reinsurance Co. v. Champion Home Builders Co., Inc.*, 872 So. 2d 848, 855 (Ala. 2003). Consequently, because there is no privity between Forest River and Plaintiffs, and because, as noted above, Plaintiffs have utterly failed to allege any concrete facts establishing an agency relationship, Plaintiffs cannot assert a negligence claim against Forest River.  For all of these reasons, Plaintiffs' negligence claims against all Defendants are due to be dismissed in their entirety.

### B.     Plaintiffs' Breach of Contract Claims are Due to be Dismissed.

Plaintiffs' breach of contract claims, like their negligence claims, are improperly duplicative of their breach of warranty claims and, therefore, are due to be dismissed in their entirety. "When a party fails to deliver as promised, a breach of contract occurs. Conversely, when a seller delivers non-conforming goods, it is a breach of warranty." *Rhode v. E & T Investments, Inc.*, 29 F. Supp. 2d 1298, 1302 (M.D. Ala. 1998) (citing *Chilton Indus. Co. v. Pate & Pate Enter., Inc.*, 930 S.W. 2d 877, 890 (Tex. Civ. App. 1996)). Consequently, a plaintiff cannot assert a separate breach of contract claim when their allegations establish a breach of warranty under the Uniform Commercial Code. *Id.* at 1302. Here, Plaintiffs have

not alleged that Defendants failed to deliver the R.V. – rather, their breach of contract claims are based on the assertion that Defendants delivered a non-conforming good: a purported "demo" R.V. rather than a "new" R.V. Moreover, as noted above, Plaintiffs have implicitly conceded that they are not in contractual privity with Forest River. (Doc. 9 at 13). Consequently, Plaintiffs' breach of contract claims are due to be dismissed in their entirety.

## CONCLUSION

For the reasons stated above, Defendants Forest River, Camping World, and Dandy respectfully request that the Court enter an order dismissing all of Plaintiffs' breach of warranty, breach of contract, and negligence claims, and Plaintiffs' fraud claim against Forest River.

Respectfully submitted this 23rd day of March, 2016.

/s/ *Sean W. Shirley*
Sean W. Shirley
Attorney for Forest River, Inc., Dandy RV Superstores, Inc., and Camping World, Inc.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 23rd day of March, 2016:

Michael Parrish
PARRISH & THEUS LLC
PO Box 590067
Birmingham, AL 35259
205-326-0026

T Christopher Donald
1707 29th Court South
Birmingham, AL 35209
205-985-2309
Fax: 205-802-7083

Horace Cecil Ireland , III
PORTERFIELD HARPER MILLS MOTLOW & IRELAND PA
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
205-980-5000

        Respectfully submitted,

        /s/ *Sean W. Shirley*
        Sean W. Shirley
        Attorney for Forest River, Inc., Dandy RV
        Superstores, Inc., and Camping World, Inc.
        Balch & Bingham LLP
        Post Office Box 306
        Birmingham, AL 35201-0306
        Telephone: (205) 251-8100
        Facsimile: (205) 226-8799